NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIK MATTSON, Individually and on
behalf of all others similarly situated,

Plaintiff-Appellant,

v.

NEW PENN FINANCIAL, LLC,

Defendant-Appellee.

No.   21-35795

D.C. No. 3:18-cv-00990

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted July 15, 2022
Submission Vacated July 18, 2022
Resubmitted March 22, 2023
Pasadena, California

Before:  BENNETT and COLLINS, Circuit Judges, and FOOTE,** District Judge.

Erik Mattson (Mattson) appeals from the district court's denial of class

certification for a claim under the Telephone Consumer Protection Act (TCPA).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elizabeth E. Foote, United States District Judge for the
Western District of Louisiana, sitting by designation.

We review a district court's class certification decision for abuse of discretion. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015). This Court will uphold a class certification decision unless the district court "identified or applied the incorrect legal rule or its resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020) (cleaned up). We vacate the district court's decision and remand with instructions to consider our holding in *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022).

In denying Mattson class certification, the district court concluded that Mattson could not meet multiple requirements under Federal Rule of Civil Procedure 23(a) because individual questions concerning whether he is a "residential subscriber subject to the TCPA's protections [would] predominate the litigation." After the district court reached that conclusion and we heard argument, another panel of this Court issued a separate ruling in *Chennette* that touched on issues relevant to this litigation. *Chennette* held, in particular, that "registered cell phones that are used for both personal and business purposes are presumptively 'residential' within the meaning of" the relevant section of the TCPA. *Chennette*, 50 F.4th at 1225.

With that ruling in mind, we ordered supplemental briefing to address

2

*Chennette*'s impact on this case. The district court, however, did not have the benefit of *Chennette* when it denied class certification. We thus decline to apply the new legal standard in the first instance. *Cf. Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012) (describing our precedent as "noting the prudence of remand in light of recent Supreme Court authority"); *Horphag Rsch. Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir. 2003) (remanding to district court due to intervening authority). We vacate and remand for further proceedings in light of *Chennette*.

**VACATED AND REMANDED.**[1]

---

[1] The parties shall bear their own costs on appeal.